IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:10cr104-CSC |
| | ) | (WO) |
| JOHN A. MEDRANO | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the defendant's motion to dismiss and/or strike (doc. # 22) filed on March 14, 2011 and the defendant's motion to strike (doc. # 27) contained within his objections to the government's response filed on March 24, 2011.[1] In his motion to dismiss, the defendant argues that the information is due to be dismissed because, under Alabama law, it is barred by the statute of limitations. *See* Doc. # 22. The United States denies that Alabama's statute of limitation applies and argues that the federal statute of limitation governs in this case. *See* Doc. # 25. In reply to the United States' response, the defendant argues that, in the alternative, the information is due to dismissed pursuant to FED.R.CRIM.P. 48 for unnecessary delay. (Doc. # 26). As reflected below, the court concludes that the motion to dismiss and the motions to strike are due to be denied.

**PROCEDURAL HISTORY**

On July 8, 2010, the United States charged the defendant in a two-count information

---

[1] The court notes that insertion of a motion to strike within objections to the government's response is not an appropriate substitute for filing a proper motion with this court. However, in the interest of justice, the court will rule on the pending motion.

with driving under the influence of alcohol and possessing an open container of alcohol on September 27, 2009, at Fort Rucker, in the Middle District of Alabama. (Doc. # 1). The affidavit in support of the information details the date of the incident as April 6, 2009. (*Id.*) The defendant's initial appearance and arraignment on this charge were held on February 8, 2011. (Doc. # 14).

On March 14, 2011, the defendant filed the motion to dismiss now pending before the court. (Doc. # 22). On March 23, 2011, the United States filed its response to the defendant's motion. (Doc. # 25). On March 24, 2011, the defendant filed a reply to the United States' response. (Doc. # 26).

Trial is set for May 31, 2011. (Doc. # 14).

## DISCUSSION

Relying on ALA CODE § 15-3-2 (1975), the defendant argues that the information is due to be dismissed because it is barred by the statute of limitations. The defendant is charged with driving under the influence of alcohol and possessing an open container of alcohol in violation of ALA CODE § 32-5A-191(a)(1) and 32-5A-330(b) as assimilated under 18 U.S.C. § 13(a).

The Assimilated Crimes Act ("ACA") provides in pertinent part as follows:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction

2

of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, *shall be guilty of a like offense and subject to a like punishment.*

18 U.S.C. § 13(a) (emphasis added).

Under Alabama law, misdemeanor offenses must be commenced within twelve months of the alleged commission of the offense. ALA CODE § 15-3-2 (1975).[2] The defendant argues that the ACA assimilates not only the elements of the offenses and the limits of punishment, but also assimilates the state statute of limitation. Consequently, because the alleged offense occurred on April 6, 2009, the information filed on July 8, 2010 is untimely, and barred by Alabama's statute of limitations.

The ACA is designed "to provide a body of criminal law for federal enclaves by using the penal law of the local state "to fill the gaps in federal criminal law."" *United States v. Gaskell*, 134 F.3d 1039, 1042 (11th Cir. 1998). Thus, the ACA assimilates state law only to the extent necessary to establish the elements and punishments of an offense. *See United States v. Torbit*, 838 F.2d 468, * 2 (4th Cir. 1988) (the ACA does not assimilate state statute of limitation). *See also United States v. Pate*, 321 F.3d 1373, 1375 (11th Cir. 2003) (the ACA does not assimilate sentencing alternatives permitted under state law); *United States v. Sain*, 795 F.2d 888, 890-91 (10th Cir. 1986) (the ACA does not assimilate a right to a jury trial). The ACA assimilates substantive state law regarding the elements or punishment of an

---

[2] ALA CODE § 15-3-2 (1975) provides that "[u]nless otherwise provided, the prosecution of all misdemeanors before a circuit or district court must be commenced within 12 months after the commission of the offense."

offense. *Torbit*, 838 F.2d at *2. Time is not a substantive element of the offenses with which the defendant is charged. *Id.* Consequently, the court concludes that the ACA does not also assimilate Alabama's one-year statute of limitation.

Furthermore, "[s]tate law is not assimilated for purposes of 18 U.S.C. § 13 if it conflicts with federal law." *Pate*, 321 F.3d at 1376. *See also Gaskell*, 134 F.3d at 1045 (state sentencing law in conflict with federal law and thus, not assimilated under the ACA). Under federal law, the United States has five years to pursue charges against Medrano. "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense have been committed." 18 U.S.C. § 3282(a). Consequently, because Alabama's statute of limitation conflicts with the federal statute of limitations, the court concludes that under the ACA, the federal statute of limitations of five years applies in this case. Medrano was charged in July 2010 for the offenses allegedly committed in April 2009. The information was instituted within five years of the alleged offenses. Accordingly, the defendant's motion to dismiss on this basis is due to be denied.[3]

In the alternative, the defendant argues that the information is due to be dismissed, pursuant to FED.R.CRIM.P. 48, because the United States unnecessarily delayed in bringing

---

[3] To the extent that the defendant moves to strike the United States' references to the September 27, 2009 date contained in the information, these motions to strike are due to be denied. The United States' references in brief are not evidence and the date of the offense is a factual issue to be decided at trial.

4

these charges. "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . filing an information against a defendant..." FED.R.CRIM.P. 48(b). The offenses are alleged to have occurred on April 6, 2009. The information was filed against the defendant on July 8, 2010. According to the defendant, because the United States failed to present any reason for the fifteen-month delay, the delay must be unnecessary. *See* Def's Reply, doc. # 26, at p. 3. Medrano relies on *United States v. Starr*, 434 F.Supp. 214 (D. D.C. 1977) in which the court held that a thirteen month delay justified dismissal of the indictment to argue that dismissal is appropriate in this case. However, in *United States v. Edwards*, 577 F.2d 883 (5th Cir. 1978),[4] the Court held that a twenty-one month delay between offense and trial was not sufficient to warrant dismissal. Moreover, the defendant does not allege, and makes no showing, that he has been prejudiced by the delay. *Edwards*, 577 F.2d at 888. Although Medrano argues that there is "the possibility of prejudice to Defendant . . . in locating witnesses, evidence, etc. some twenty-four (24) months after the alleged offense occurred," "[v]ague assertions of faded memory will not suffice" to establish prejudice. *Edwards*, 577 F.2d at 889. Absent a showing of actual prejudice, the defendant's motion to dismiss is due to be denied. *See Edwards*, *supra*; *United States v. Thor*, 512 F.2d 811 (5th Cir. 1975).

---

[4] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

## CONCLUSION

Accordingly, it is

ORDERED and ADJUDGED that the defendant's motion to dismiss (doc. # 22) be and is hereby DENIED. It is further

ORDERED that the defendant's motions to strike (doc. # 26 & 27) be and are hereby DENIED.

Done this 6th day of May, 2011.

                                            /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE