IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:10cr104-CSC |
| | ) | (WO) |
| JOHN A. MEDRANO | ) | |

**ORDER**

On May 31, 2011, the court held a non-jury trial in this case. At the conclusion of the government's case in chief the defendant made a FED. R. CRIM. P. 29 motion for judgment of acquittal which the court denied as to count 1. The court granted the defendant's motion with respect to count 2 of the information which charged the defendant with unlawful possession of an open container of alcohol in the passenger area of a motor vehicle while on a public highway or right-of-way of a public highway. At the conclusion of the trial, the court found the defendant guilty of court 1. The defendant renewed the motion for judgment of acquittal. (doc. # 35) The court ordered the parties to brief the issues raised by the motion. The court has carefully considered the motion and the briefs and concludes that the motion for judgment of acquittal is due to be denied.

The information filed in this misdemeanor case alleged that Medrano "did unlawfully drive and was in physical control of a vehicle while there was 0.08 or more by weight of alcohol in his blood and while under the influence of alcohol . . ." Ala. Code § 32-5A-191(a) provides that

> A person shall not drive or be in actual physical control of any vehicle while:

>   (1) There is 0.08 percent or more by weight of alcohol in his or her blood;
>   (2) Under the influence of alcohol . . .

Medrano argues that the government failed to adduce evidence that he did unlawfully drive a vehicle and was in actual physical control of a vehicle which the defendant contends are essential elements of the offense.  In this case, the evidence shows that the defendant was observed sitting, apparently unconscious, behind the wheel of a vehicle with the keys in the ignition.  The keys were in the "on position," and the vehicle's radio was playing.  After police officers roused Medrano, he was able after some difficulty to roll down a window thus allowing officers to open the vehicle.  These facts are sufficient circumstantial evidence to support a finding that the government proved beyond a reasonable doubt the actual physical control element of the crime.  With regard to whether Medrano was driving the vehicle, the court concludes for the reasons discussed below concerning the single offense nature of the statute that it was sufficient for the government to prove that Medrano was in actual physical control of the vehicle.

Medrano further argues that the government failed to prove that he was "under the influence" of alcohol suggesting that because the government charged him with both 0.08 per cent or more by weight of alcohol in his blood *and* while under the influence of alcohol, the government must prove both.  The court rejects this argument for two reasons.  First, the evidence at trial showed that the defendant's blood alcohol level met the statutory requirement of 0.08 or more by weight of alcohol.[1]  This proof is itself

---

[1] The breath sample submitted by Medrano showed that he had 0.16 or more by weight of alcohol in his blood or twice the legal limit.

sufficient to show that Medrano was under the influence of alcohol.  Secondly, under Alabama law the separate sections of Ala. Code § 32-5A-191 are not separate offenses.  Rather, the subsections of the § 32-5A-191(a) are alternative methods of proving a single offense.  *Sisson v. State*, 528 So.2d 1159 (Ala.1988); *Bartlett v. State*, 600 So.2d 336 (Ala.Crim.App.1991).  Accordingly, it is

> ORDERED that Medrano's motion for judgment of acquittal be and is hereby DENIED.

> Done this 29TH day of June, 2011.

>           /s/Charles S. Coody
> CHARLES S. COODY
> UNITED STATES MAGISTRATE JUDGE